**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANDY VALENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO: NO. 08-1121** |
| **JEFFERSON PARISH HOSPITAL SERVICE NO. 2, ET AL** | **SECTION: "S" (3)** |

## ORDER AND REASONS

The motion to remand removed action (Doc. #7) filed on behalf of Andy Valence is DENIED and the unopposed motion to stay of proceedings pending transfer to federal MDL (Doc. # 6) is GRANTED.

## BACKGROUND

On February 25, 2008, defendants CR Bard, Inc. and Davol, Inc. removed this matter to this court on the basis of diversity jurisdiction.  Specifically, defendants claim complete diversity, notwithstanding the presence of defendants East Jefferson General Hospital, Dr. Raymond DeCorte and Dr. Don Ray Guzzetta, all citizens of Louisiana, because these defendants were improperly joined.

Plaintiff is suing for damages from two allegedly defective medical products, a mesh patch and a fixation device, which were utilized in a hernia surgery on plaintiff.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[1]  Consent need not be obtained from a co-defendant that the removing party is improperly joined.[2]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[3]  Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[4]

### Improper Joinder

Defendants claim that for purposes for establishing removal jurisdiction, the Louisiana physicians and the Louisiana hospital are to be disregarded because they were improperly joined.

There are two ways to establish improper joinder: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[5]  The Fifth Circuit has stated:

---

[1]*Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[2]*Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007).

[3]*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4]*Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[5]*Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).

2

The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

. . . The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants.[6]

Defendants do not allege fraud in the pleading of jurisdictional facts, but rather that plaintiffs cannot establish a claim against the physicians and the hospital.

Louisiana law requires that all medical malpractice complaints against qualified health care providers must be reviewed by a medical review panel before suit can be instituted, unless all parties have agreed to waive this requirement.[7]  This requirement imposes a constraint upon a plaintiff's ability to sue.[8]   If an action against a health care provider covered by the Medical Malpractice Act has been commenced in a court of law, and the complaint was not first presented to a medical review panel, plaintiff's suit is premature.[9]  The term "health care provider" includes physicians licensed to practice in Louisiana and hospitals.[10]

Plaintiff argues that removal is deficient because the removing defendants did not obtain the consent of the physicians and the hospital.  However, such consent is not necessary unless the

---

[6]*Smallwood*, 385 F.3d at 573.

[7]La. Rev. Stat. §40:1299.47 B(1)(a)(I) and (c).  *See also In Re Medical Malpractice Claim of Scardina*, 2008 WL 659581 (La. App. 4th Cir. 2008); *In Re Herring*, 974 So.2d 924 (La. App. 3rd Cir. 2008); *Bennett v. Krupkin*, 814 So.2d 681 (La. App. 1st Cir. 2002).

[8]*Biery v. Chaisson*, 2000 WL 34526089 at *2 (5th Cir. 2000).

[9]*Sumner v. Patel*, 36 F.3d 90, at *3 (5th Cir. 1994).

[10]La. Rev. Stat. 40:1299.41 A(1)(2)(4) and 40:2102.

physicians and the hospital are properly joined.

Engaging in the 12(b)(6)-like analysis as the Fifth Circuit requires for assertions of improper joinder, the court has examined plaintiff's petition for damages and his memorandum in support of his motion to remand.  Both are silent as to whether plaintiff has satisfied Louisiana's medical review panel requirement.  Therefore, because plaintiff's allegations do not specify that the plaintiff has filed his claim under the Medical Malpractice Act prior to filing suit, plaintiff's claim against the doctors and the hospital is premature, and therefore, their joinder is improper and must be disregarded for jurisdictional purposes.

### Removal of Entire Action

Plaintiff argues that removal was improper because defendants' notice of removal only mentions the mesh patch claim, and does not mention the fixation device claim.  Further, plaintiff contends that removal is defective because while Davol consented to the removal of the mesh patch claim, Davol did not consent to the removal of the fixation device claim.  Plaintiff contends that as a result, defendants did not remove the entire case.

Plaintiff's claim in this regard has no merit.  When defendants removed the action, removal was effective as to the entire action.  Under 28 USC §1441(a), a "civil action" may be removed; it does not refer to claims, but rather to the entire action.  A "civil action's removability is determined as to its entirety, not as to particular claims or parties.[11]

---

[11]*Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980).  *See also Nolan v. Boeing Co.*, 919 F.2d 1058, 1065 & n. 9 (5th Cir. 1990) and *Dillon v. State of Miss. Military Dept.*, 23 F.3d 915 (5th Cir. 1994).

4

*Stay and Multidistrict Litigation*

This matter has been identified as a potential "tag-along" action in a multi-district litigation, alleging defects in various models of hernia patches, and is subject of a conditional transfer order in *Re: Kugel Mesh Hernia Patch Products Liability Litigation*, MDL No. 1842, currently being handled by the United States District Court for the District Rhode Island.[12] Defendants move this court to stay all requirements, deadlines and any other proceedings in this matter pending transfer for centralized pretrial proceedings in the multi-district litigation. Plaintiff filed with the MDP Panel a Rule 7.4(c) notice of opposition to the proposed transfer, which has resulted in a stay of the conditional transfer until the MDL Panel decides on whether transfer is appropriate. Plaintiff does not oppose a temporary stay order until a decision is made concerning the transfer.

The motion to remand removed action is DENIED. The motion for stay of proceedings is GRANTED until the MDL Panel decides on whether transfer is appropriate.

New Orleans, Louisiana, this  30th  day of April, 2008.

**MARY ANN VIAL LEMMON**
UNITED STATES DISTRICT JUDGE

---

[12]*In Re Kugel Mesh Hernia Patch Products Liability Litigation*, 493 F. Supp. 2d 1371 (Jud. Pan. Mult. Lit., 2007).